UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RONALD G. SPANGLER,

                Petitioner,                Case No. 1:14-cv-1089

v.                                            Honorable Robert Holmes Bell

SHERRY BURT,

                Respondent.

_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner Ronald G. Spangler presently is incarcerated at the Muskegon Correctional Facility. On October 17, 2014, Petitioner filed the instant habeas action, complaining that his last valid sentence expired on November 11, 2012, and that he was being unconstitutionally held. On November 6, 2014, the Court directed Petitioner to file an amended petition on the form petition provided by this Court, as required by the applicable court rules. *See* Rule 2(d), RULES GOVERNING § 2254 CASES; W.D. MICH. LCIVR 5.6(a). In response, Petitioner filed a partially completed form petition, indicating that the majority of the petition was inapplicable, because there exists no state-court judgment to challenge.[1]

Upon review of the public records of the Michigan Courts, however, it is clear that, in 2009, Petitioner was tried before a Van Buren County jury and found guilty of two counts of felony murder, in violation of MICH. COMP. LAWS § 750.316(b). On June 15, 2009, the trial court sentenced Petitioner to life imprisonment on both counts. *See People v. Spangler*, No. 292728 (Mich. Ct. App.), http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=292728&CourtType_CaseNumber=2 (last visited Dec. 9, 2014); *see also* Michigan Prisoner Tracking & Information Service (OTIS), http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=438591 (last visited Dec. 9, 2014).

Petitioner appealed his convictions to the Michigan Court of Appeals and the Michigan Supreme Court. In an unpublished opinion issued December 2, 2010, the court of appeals

---

[1]Petitioner filed an earlier petition for writ of habeas corpus, which was dismissed by this Court without prejudice after Petitioner failed to comply with the Court's order to file an amended petition on the form. *See Spangler v. Burt*, No. 1:14-cv-257 (W.D. Mich. June 19, 2014) (Ord. & J.)

rejected all appellate grounds and affirmed the convictions. The supreme court denied leave to appeal on June 28, 2011, and it denied reconsideration on September 26, 2011. *Id.*

According to the original and amended petitions and attachments, it appears that Petitioner's mother attempted to file a case in the Muskegon County Circuit Court on May 29, 2013. Petitioner describes the filing as an original complaint for writ of habeas corpus on behalf of Petitioner. Petitioner has attached a copy of the cover letter accompanying the filing, which was captioned, "Beverly A. Miller v. Mich. Dept. of Corrections." (*See* Attach. to Pet., docket #1-1, Page ID#17.) The proposed filing was returned to Petitioner's mother on June 5, 2013, because it was not in the proper form and did not include either a filing fee or copies. (*Id.*, Page ID#18.) Plaintiff complains that the rejection was improper because no filing fee is required for habeas corpus petitions.

In his habeas application, Petitioner contends that, because the affidavit for his arrest warrant was defective, the state did not properly obtain jurisdiction over him, and therefore his detention is fatally defective. He argues that his trial and convictions are without legal effect and that he is improperly imprisoned.

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied reconsideration of his application for leave to appeal on September 26, 2011. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence*

*v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, December 26, 2011.

Petitioner had one year from December 26, 2011, or until December 26, 2012, in which to file his habeas application. Petitioner filed on October 17, 2014. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

In order to toll the statute of limitations, a state-court application for post-conviction relief must be "properly filed." An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8 (emphasis in original). Because the purported complaint for habeas corpus that was submitted by Petitioner's mother on May 29, 2013 was rejected by the state court for noncompliance with a variety of rules, it was not properly filed. It therefore could not have served to toll the statute of limitations.

Moreover, even if the filings submitted by Petitioner's mother on May 29, 2013 were properly filed, the petition would be untimely. Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*,

366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490).  Because Petitioner's one-year period expired in 2012, the motion his mother attempted to file in 2013 could not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or to allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse

[late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner makes no claim that he is actually innocent. He therefore is not excused from the statute of limitations under *McQuiggin*. His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: December 12, 2014               /s/ Phillip J. Green
                                       Phillip J. Green
                                       United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).