UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD G. SPANGLER,

       Petitioner,

                                       Case No. 1:14-cv-1089

v.

                                       HON. ROBERT HOLMES BELL

SHERRY BURT,

       Respondent.

_____/

**O P I N I O N**

This is a habeas corpus petition brought by a currently incarcerated petitioner complaining that his last valid sentence expired on November 11, 2012, and that he is being unconstitutionally held. The matter was referred to Magistrate Judge Phillip J. Green, who issued a Report and Recommendation (R&R) on December 12, 2014, recommending that this Court deny the petition as untimely. (ECF No. 6.) The matter is presently before the Court on Petitioner's objections to the R&R. (ECF No. 7.) In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* Rules Governing § 2254 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

"[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Petitioner objects to the following findings and conclusions of the Magistrate Judge: (1) that Petitioner failed to exhaust his state remedies; (2) that a Michigan court has issued a valid order and the Michigan Department of Corrections lawfully detains him; (3) that a Michigan court maintained subject matter jurisdiction in a criminal case against Petitioner; and (4) that the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, and 28 U.S.C. § 2254 apply to his petition. (Objections at 1–4, ECF No. 7.)

As Magistrate Judge Green described, Petitioner is currently in custody following a trial before a Van Buren County jury in 2009 and guilty convictions on two counts of felony murder for the deaths of Carlin and Roberta Noble. (R&R at 2–3, ECF No. 6.) Petitioner's second and third objections to the Magistrate Judge's findings simply repeat the claims presented in his petition, i.e., that the Michigan district court lacked subject matter jurisdiction in the murder case against him because the underlying criminal complaint filed by police officer Tom McClung was void, and the lack of subject matter jurisdiction rendered the subsequent jury trial, conviction, and sentence void. (Objections at 2–4, ECF No. 7.)

Because Petitioner does not recognize the validity of his murder conviction, he asserts in his fourth objection that his habeas petition proceeds under common law, not under 28 U.S.C. § 2254. (*Id.* at 3–4.) Regardless of whether Petitioner recognizes the validity of it, a judgment exists. Therefore, 28 U.S.C. § 2254 applies to Petitioner's habeas claim because

he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

This Court need not address the constitutional merits of Petitioner's claim that the criminal complaint was void because the claim is procedurally defaulted. As Magistrate Judge Green correctly calculated, Petitioner had one year from December 26, 2011, in which to file his habeas application. (*Id.* at 4–5.) Petitioner filed on October 17, 2014. Therefore, Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).

Petitioner repeats his assertion that his claim is not procedurally barred because his mother attempted to exhaust state remedies by filing a petition for habeas corpus, but her May 29, 2013, application was wrongfully denied by the Muskegon County Deputy Circuit Clerk. (Objections at 1, ECF No. 7.) Petitioner's assertion is unavailing because, as Magistrate Judge Green pointed out, his instant petition would be untimely even if the filings submitted by his mother were properly filed. (R&R at 5, ECF No. 6.) Petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitations. Therefore, his objections are overruled.

The Court must finally determine whether to issue a certificate of appealability. Where the petition is rejected on procedural grounds without reaching the merits of the underlying claims, the Court should issue a certificate of appealability if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

3

district court was correct in its procedural ruling."*Slack*, 529 U.S. at 484. However, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Slack*, 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.


Dated: <u>January 6, 2015</u>     /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE